# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0050V
### Filed: May 24, 2018
UNPUBLISHED

|  |  |
|---|---|
| JULIE LYNCH,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Kathryn Ann Robinette, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 12, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 1, 2015. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On July 27, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. On May 24, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $242,946.96 for lost wages and $100,000.00 for pain and suffering, for a total amount of $342,946.96. Proffer at 1-2. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $342,946.96, which represents $242,946.96 for lost wages and $100,000.00 for pain and suffering, in the form of a check payable to petitioner, Julie Lynch.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| JULIE LYNCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 17-50V |
| v. | ) | Chief Special Master Dorsey |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 12, 2017, Julie Lynch ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 1, 2015. Petition at 1. On July 27, 2017, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that respondent does not contest entitlement in this matter, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day. ECF No. 17; ECF No. 18.

## I.    Items of Compensation

### A.    Lost Earnings

The parties agree that based upon the evidence of record, Julie Lynch has suffered past and future loss of earnings as a result of her vaccine-related injury. Therefore, respondent proffers that the Court should award Julie Lynch a lump sum of $242,946.96 for her past and

future lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).

Petitioner agrees.

        B.      <u>Pain and Suffering</u>

Respondent proffers that Julie Lynch should be awarded $100,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

## II.     **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Julie Lynch should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $342,946.96, representing compensation for lost earnings ($242,946.96) and pain and suffering ($100,000.00), in the form of a check payable to petitioner, Julie Lynch.

## III.    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Julie Lynch:                 **$ 342,946.96**


                                       Respectfully submitted,

                                       CHAD A. READLER
                                       Acting Assistant Attorney General

                                       C. SALVATORE D'ALESSIO
                                       Acting Director
                                       Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Kathryn A. Robinette
KATHRYN A. ROBINETTE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-3661
Fax:  (202) 616-4310

DATED:  May 24, 2018